UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW L. ESTRADA,<br><br>    Petitioner,<br><br>   v.<br><br>STU SHERMAN,<br><br>    Respondent. | No. 2:17-cv-1471 TLN KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss on the grounds that the petition is barred by the statute of limitations and for failing to raise a federal question. (ECF No. 10.) For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

II. Background

In 2014, petitioner was convicted of voluntary manslaughter (Cal. Penal Code § 192(a)), felon in possession of a firearm (Cal. Penal Code § 2900(a)(1)), possession of a short barreled shotgun (Cal. Penal Code § 33215), and two counts of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). (Respondent's Lodged Document 1.)

////

Petitioner was also convicted of two sentencing enhancements pursuant to California Penal Code §§ 12022.5 and 12022.55. (Id.) The sentencing enhancements were imposed for petitioner's conviction for voluntary manslaughter. (Id.) For these enhancements, petitioner was sentenced to two, consecutive ten year sentences. (Id.)

Section 12022.5 allows a ten year enhancement for use of a firearm in the commission of a felony. Section 12022.55 provides,

> Notwithstanding Section 12022.5, any person who, with the intent to inflict great bodily injury or death, inflicts great bodily injury, as defined in Section 12022.7, or causes the death of a person, other than an occupant of a motor vehicle, as a result of discharging a firearm from a motor vehicle in the commission of a felony or attempted felony, shall be punished by an additional and consecutive term of imprisonment in the state prison for 5, 6, or 10 years.

Cal. Penal Code § 12022.55.

Petitioner is serving a sentence of thirty-four years and four months. (Id.)

This action proceeds on the original petition filed June 29, 2017.[1] Petitioner argues that the imposition of the sentencing enhancements for the same offense violates state law and the Double Jeopardy Clause. In support of this claim, petitioner cites California Penal Code § 1170.1(f) which provides,

> When two or more enhancements may be imposed for being armed with or using a dangerous weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury.

Cal Penal Code § 1170.1(f).

In support of his claim, petitioner cites two cases: People v. Le, 205 Cal.App.4th 739 (2012), and People v. Rodriguez, 47 Cal.4th 501 (2009).[2]

---

[1] The petition is court file stamped July 14, 2017. The petition does not contain a proof of service from which the undersigned can determined the date it was filed, pursuant to the mailbox rule. Petitioner signed the petition on June 29, 2017. The undersigned accepts June 29, 2017, as the date petitioner placed the petition in the mail.

[2] In People v. Rodriguez, the defendant was found guilty of assault with a firearm in violation of

2

III. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

Petitioner was sentenced on November 3, 2014. (Respondent's Lodged Document 1.) Petitioner did not appeal his conviction. Because he did not appeal, petitioner's conviction and sentence became final sixty days later on January 2, 2015. See Stancle v. Clay, 692 F.3d 948,

---

California Penal Code Penal Code § 245(a)(2). 47 Cal.4th at 504. The jury also found the sentencing enhancement allegations of personal use of a firearm, pursuant to California Penal Code § 12022.5(a)(1), and a gang enhancement, pursuant to California Penal Code § 186.22(b)(1)(C). Id. Petitioner was sentenced to consecutive sentences for the sentencing enhancements. Id. at 506. The California Supreme Court held that the imposition of the consecutive sentences for violating § 12022.5 and § 186.22 violated § 1170.1(f). Id. at 508-09.

The California Supreme Court affirmed People v. Le, 205 Cal.App.4th 739 (2012), in People v. Le, 61 Cal.4th 416 (2015). In Le, the defendant was found guilty of assault with the use of a semi-automatic firearm, in violation of California Penal Code § 245(b). 61 Cal.4th at 419. Petitioner was also found guilty of sentencing enhancements pursuant to California Penal Code sections 12022.5(a)(1) and 186.22(b)(1)(B). Id. The trial court determined that imposition of both enhancements would violate California Penal Code § 1170.1(f) based on the holding of People v. Rodriguez. Id. at 421-22. On review, the California Supreme Court affirmed the trial court's sentencing decision. Id. at 429.

3

951 (9th Cir. 2012); Cal. R. Ct. 830.8(a) (notice of appeal must be filed within sixty days of judgment). The statute of limitations commenced the following day, i.e., January 3, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The statute of limitations expired one year later, i.e., on January 3, 2016. The instant action, filed June 29, 2017, is not timely unless petitioner is entitled to statutory or equitable tolling.

*Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim is pending, shall not count toward any period of limitation. A state court habeas post-conviction process commenced beyond the expiration of the statute of limitations does not toll or revive the limitations period under section 2244(d)(1). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner filed his first state habeas petition on November 21, 2016. (Respondent's Lodged Document 2.) Because petitioner commenced the state court habeas post-conviction process beyond the expiration of the statute of limitations, he is not entitled to statutory tolling.

*Equitable Tolling*

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland v. Florida, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner makes no claim for equitable tolling. However, the undersigned observes that in the petition filed in the Superior Court, petitioner wrote that the petition concerned a "newly

4

| | |
|---|---|
| 1 | discovery of amendment new rule <u>People v. Lee</u>." (Respondent's Lodged Document 2.) In the |
| 2 | petition filed in the California Court of Appeal, petitioner stated that "the information has just |
| 3 | become known to me within the last 3 1/2 months." (Respondent's Lodged Document 4.) |
| 4 | Petitioner did not identify the information that had just "become known to him." |
| 5 |     The undersigned observes that petitioner has had knowledge of the two at-issue |
| 6 | sentencing enhancements since the time of his plea. Based on the statement in the petition filed |
| 7 | in the Superior Court, it appears that petitioner is claiming that he recently discovered the legal |
| 8 | grounds of his claim challenging the enhancements. However, as indicated above, the two main |
| 9 | California cases petitioner relies on were decided before his conviction. Petitioner's apparent |
| 10 | ignorance of the law does not warrant equitable tolling. See <u>Rasberry v. Garcia</u>, 448 F.3d 1150, |
| 11 | 1154 (9th Cir. 2006). |
| 12 | *Conclusion* |
| 13 |     For the reasons discussed above, the undersigned finds that the petition is barred by the |
| 14 | statute of limitations. On this ground, respondent's motion to dismiss should be granted. |
| 15 | IV. <u>Alleged Failure to Raise a Federal Question</u> |
| 16 |     Respondent argues that the petition should be dismissed because petitioner fails to raise a |
| 17 | federal question. |
| 18 |     It is well settled that "it is not the province of a federal habeas court to reexamine state- |
| 19 | court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991). As such, |
| 20 | "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own |
| 21 | sentencing laws does not justify federal habeas relief." <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th |
| 22 | Cir. 1994). Such fundamental unfairness might include any sentence "based upon any proscribed |
| 23 | federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by |
| 24 | indigency ..." <u>Makal v. Arizona</u>, 544 F.2d 1030, 1035 (9th Cir. 1976). A petitioner cannot, |
| 25 | however, transform state law claims into federal ones simply by adding phrases like "due |
| 26 | process" and "Fourteenth Amendment." See <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. |
| 27 | 1996) (stating that a petitioner cannot "transform a state-law issue into a federal one merely by |
| 28 | asserting a violation of due process."). |

1    Respondent argues that petitioner raises a state law sentencing claim which is not
2    cognizable in federal habeas. (ECF No. 10 at 4.) Respondent argues that the state courts
3    determined that petitioner was not entitled to resentencing, citing the orders by the Superior
4    Court, California Court of Appeal, and California Supreme Court dismissing petitioner's state
5    habeas petitions. (Id.) Respondent argues that even if petitioner were to characterize his
6    sentencing challenge as a violation of his constitutional rights, it would not be sufficient to render
7    his claim cognizable on federal habeas review. (Id. at 5.)

8    The undersigned observes that respondent appears to have conceded to the California
9    Court of Appeal that petitioner's sentence for the two enhancements violated state law. The
10   California Court of Appeal ordered respondent to file a response to petitioner's petition. (ECF
11   No. 1 at 34.) In response, respondent stated that he (respondent) did not contend that petitioner
12   could be found in violation of § 12022.55 without also having violated § 12022.5. (Id. at 40.)
13   Respondent stated that, "[t]he holding in Jose D. (accord, People v. Myers (1997) 59 Cal.App.4th
14   1523, 1533) supports the conclusion that imposing sentence for both a section 12022.5
15   enhancement and a 12022.55 enhancement creates an unauthorized sentence." (Id.) Respondent
16   then stated, "[b]ut the determination of whether petitioner is entitled to relief does not end here."
17   (Id.) Respondent then argued that petitioner's plea precluded him from challenging the
18   imposition of the sentencing enhancements. (Id. at 40-41.)

19   The California Court of Appeal and California Supreme Court denied petitioner's habeas
20   petitions without comment or citation. (Respondent's Lodged Documents 5, 7.) Based on
21   respondent's apparent concession that the imposition of the sentencing enhancements violated
22   state law, it is likely that the California Court of Appeal and California Supreme Court denied
23   petitioner's state habeas petitions on the grounds that petitioner's plea waived the claim.

24   As discussed above, petitioner argues that his sentence enhancements for both § 12055.5
25   and § 12022.5 violate the Double Jeopardy Clause. Respondent does not address petitioner's
26   double jeopardy claim raised in the instant petition. However, petitioner's double jeopardy claim
27   ////
28   ////

is likely without merit. See Swanson v. Tampkins, 2017 WL 5495105 at *7 (S.D. Cal. 2017).[3] Petitioner's claim may also be waived by his plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent nature of the guilty plea.)

Because petitioner's claim is barred by the statute of limitations, the undersigned need not address respondent's argument that petitioner fails to state a federal claim.

IV. Petitioner's Claim that the Pending Motion is not Timely

In the opposition, petitioner argues that the motion to dismiss should be denied because respondent's motion to dismiss was not timely filed. (ECF No. 12.) For the reasons stated below, the undersigned finds that respondent's motion to dismiss is timely.

On August 15, 2017, the undersigned ordered respondent to file a response to the petition within sixty days. (ECF No. 6.) Sixty days past August 15, 2017 was October 14, 2017. October 14, 2017 fell on a Saturday. Therefore, respondent's response was due Monday, October 16, 2017. See Fed. R. Civ. P. 6(a)(1)(C). The motion to dismiss, filed October 16, 2017, is timely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted on the grounds that the petition is barred by the statute of limitations.

---

[3] "Sentence enhancements do not 'punish' a defendant within the meaning of double jeopardy. See United States v. Watts, 519 U.S. 148, 154 (1997) ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.") (citing Witte v. United States, 515 U.S. 389, 402-03 (1995))." Swanson, 2017 WL 54951015 at *7. "Even where the offense is the same, the guarantee against double jeopardy does not preclude cumulative punishments in a single prosecution. See Missouri v. Hunter, 459 U.S. 359, 366-67." Id. "So long as the state legislature intended to impose multiple punishments, double jeopardy principles do not apply. Hunter, 459 U.S. at 368-69 (holding that sentence enhancements that increase the penalty for a crime based on the offender's conduct do not violate double jeopardy principles where cumulative punishment has been authorized under two statutes, "regardless of whether those two statutes proscribe the 'same' conduct under Blockburger"); Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006) (citing Hunter, 459 U.S. at 368-69, 103 S.Ct. 673) ("When the legislature intends to impose multiple punishments, double jeopardy is not invoked.")." Id.

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Es1471.157